UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SEAN SNYDER,

                Plaintiff,

    v.

STOX TECHNOLOGIES, a corporation, MOSHE HOGEG, DOES 1-10,

                Defendants.

CASE NO. 19-6132 RJB

ORDER ON APPLICATION FOR COURT-APPOINTED COUNSEL AND MOTION REGARDING SERVICE

THIS MATTER comes before the Court on the Plaintiff's Application for Court Appointed Counsel (Dkt. 5) and the Plaintiff's "Ex Parte Motion requesting the Clerk of the Court to Effect the Service of Summons, and Service Abroad of Judicial Documents" (Dkt. 6). The Court has considered the pleadings filed regarding the application and motion and the remaining file.

On November 25, 2019, the Plaintiff filed this case, pro se, asserted claims against the Defendants for (1) breach of contract, (2) breach of fiduciary duty, (3) fraud, (4) intentional infliction of emotional distress, (5) unjust enrichment, (6) declaratory relief, (7) accounting, and

(8) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et. seq.* ("RICO") in connection with the Plaintiff's alleged purchase of "Stox Tokens" (cryptocurrency tokens) from the Defendants. Dkt. 1. Defendant Stox Technologies is alleged to be a corporation registered in Gibraltar and Defendant Moshe Hogeg is alleged to reside in Israel. *Id.*

Now pending is the Plaintiff's application for court-appointed counsel (Dkt. 5) and a "Motion Requesting that the Clerk of the Court to Effect the Service of Summons, and Service Abroad of Judicial Documents" (Dkt. 6). Each will be considered in turn.

**Application for Court-Appointed Counsel**. Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Pursuant to § 1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Plaintiff's motion for appointment of counsel (Dkt. 5) should be denied. He has not shown a likelihood of success on the merits. Further, the Plaintiff appears to be able to articulate his claims adequately in light of the legal issues involved. The circumstances of this case do not make appointment of counsel necessary or just, nor does the case present exceptional circumstances. The application for appointment of counsel (Dkt. 5) should be denied.

**Motion Regarding Service of Process on International Defendants**. Fed. R. Civ. P. 4(f)(1) "Serving an Individual in a Foreign Country," (made applicable to corporations in foreign countries pursuant to Rule 4(h)(2)), provides that, "[u]nless federal law provides otherwise, an

ORDER ON APPLICATION FOR COURT-APPOINTED COUNSEL AND MOTION REGARDING SERVICE - 2

individual . . . may be served at a place not within any judicial district of the United States . . . by any internationally agreed means of service, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 ("Hague Service Convention"), 20 U.S.T. 361, T.I.A.S. No. 6638, requires each contracting state "to establish a central authority to receive requests for service of documents from other countries." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1508 (2017)(*internal quotation marks and citations omitted*). "When a central authority receives an appropriate request, it must serve the documents or arrange for their service, Art. 5, and then provide a certificate of service, Art. 6." *Id.* This is not the only method of service; Art. 10 of the Hague Service Convention, provides:

> Provided the State of destination does not object, the present Convention shall not interfere with-
>
> "(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
>
> "(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
>
> "(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination."

20 U.S.T., at 363. The U.S. Supreme Court recently held that service by mail under the Hague Service Convention "is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Water Splash*, at 1513.

The Plaintiff's "Ex Parte Motion Requesting that the Clerk of the Court to Effect the Service of Summons, and Service Abroad of Judicial Documents" (Dkt. 6) should be denied without prejudice. The Plaintiff has failed to provide enough information to the Court to determine exactly what he wants and has failed to provide any attachments. It appears that Israel and the United Kingdom of Great Britain (Gibraltar is its territory) are contracting states to the Hague Convention on Service. The Court makes no finding on either countries' objections to the convention or whether Gibraltar is bound to the convention as a territory of Great Britain. The Plaintiff filed this case. It is his responsibility to determine the proper method of service of process and provide the Court with all the forms and documents he intends to serve.

It is **ORDERED** that:

- The Plaintiff's Application for Court Appointed Counsel (Dkt. 5) **IS DENIED;** and

- The Plaintiff's "Ex Parte Motion requesting the Clerk of the Court to Effect the Service of Summons, and Service Abroad of Judicial Documents" (Dkt. 6) **IS DENIED WITHOUT PREJUIDCE.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of December, 2019.

ROBERT J. BRYAN
United States District Judge

ORDER ON APPLICATION FOR COURT-APPOINTED COUNSEL AND MOTION REGARDING SERVICE - 4