1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SEAN SNYDER, | CASE NO. 19-6132 RJB |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT AND DEFENDANTS' MOTION TO DISMISS |
| STOX TECHNOLOGIES, a corporation, MOSHE HOGEG, DOES 1-10, | |
| Defendants. | |

THIS MATTER comes before the Court on the Plaintiff's "Ex Parte Motion for Leave to File an Amended Complaint" (Dkt. 31), Plaintiff's Motion for Extension of Time to File his Amended Complaint once as a Matter of Course (Dkt. 33), and the Defendants Stx Technologies (improperly named in the Complaint as Stox and referred to here as "Stx") and Moshe Hogeg's Motion to Dismiss for Lack of Personal Jurisdiction and Alternatively for Failure to State a Claim (Dkt. 23). The Court has considered the pleadings filed regarding the motions and the remaining file.

On November 25, 2019, the Plaintiff filed this case, *pro se*, asserted claims against the Defendants for (1) breach of contract, (2) breach of fiduciary duty, (3) fraud, (4) intentional infliction of emotional distress, (5) unjust enrichment, (6) declaratory relief, (7) accounting, and (8) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et. seq.* ("RICO") in connection with the Plaintiff's alleged purchase of "Stox Tokens" (cryptocurrency tokens). Dkt. 1. Defendant Stx Technologies is alleged to be a corporation registered in Gibraltar and Defendant Moshe Hogeg is alleged to reside in Israel. *Id.*

The Plaintiff now moves to file an amended complaint as of right (Dkts. 31 and 33) and the Defendants Stx and Hogeg move to dismiss the case against them (Dkt. 23). The Plaintiff's motions to amend his complaint (Dkts. 31 and 33) should be granted. Considering the allegations in both the Complaint and Amended Complaint, the Defendants Stx and Hogeg's motion should be granted and they should be dismissed without prejudice because this Court does not have personal jurisdiction over them.

## I.   PROCEDURAL HISTORY AND BACKGROUND FACTS

After the Plaintiff's motion for service of process on international Defendants Stx and Hogeg was granted (Dkt. 9), a notice of appearance for these Defendants was entered on March 11, 2020. Dkt. 10. On April 17, 2020, Defendants Stx and Hogeg filed their Motion to Dismiss for Lack of Personal Jurisdiction and Alternatively for Failure to State a Claim. Dkt. 23.

The Plaintiff filed a motion for an extension of time to file a motion for leave to amend the complaint, which was granted, in part, and he was given until June 2, 2020 to file such a motion. Dkt. 28. The Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Alternatively for Failure to State a Claim (Dkt. 23) was renoted for consideration for July 3, 2020. *Id.* The Plaintiff then filed the two motions for leave to file an amended complaint as of

1  right.  Dkts. 31 and 33.  Plaintiff attached a redlined version of a proposed amended complaint

2  and several pleadings which he asserts are attachments to the proposed amended complaint.

3  Dkts. 31-2 through 31-4.  The Court renoted the first of Plaintiff's motions to amend (Dkt. 31) to

4  July 3, 2020 to be considered with the Defendants' motion to dismiss.  Dkt. 32.  In that order, the

5  Defendants were directed to address how the Plaintiff's proposed amendments impacted their

6  motion to dismiss in their response (if any) to the Plaintiff's motion to amend.  *Id.*  (After that

7  order was entered, the Plaintiff filed a second motion to amend his Complaint as of right (Dkt.

8  33) noted it for consideration on June 19, 2020, and referred to the proposed amended complaint

9  filed with his first motion at Dkt. 31-2. Both motions to amend are considered here.)

10      The Plaintiff's 159-page proposed amended complaint names several new defendants (in

11  addition to STX and Hogeg) including:  Floyd Mayweather Jr. (alleged to be a Nevada resident),

12  Kenes (Kenges) Rakishev (alleged to be a citizen of Kazakhstan), Ophir Gertnew (alleged to be a

13  citizen of Israel), Marek Lornic (alleged to be a citizen of Canada), Hanita Ezta (alleged to be a

14  citizen of Israel), Joe Chen (alleged to be a United States citizen domiciled in China), Eyal

15  Hertzog (alleged to be a citizen of Israel), Ros Astar (alleged to be a citizen of Israel), Yossy

16  Haezrachy (alleged to be a citizen of Israel), Avishai Ziv (alleged to be a citizen of Israel), Ron

17  Ashtar (alleged to be a citizen of Israel), Itai Aveneri (alleged to be a citizen of Israel), Uriel

18  Peled (alleged to be a citizen of Israel), and Does 1-17.  Dkt. 31-2.

19      The Plaintiff's proposed amended complaint is overly long (including the text of several

20  statutes, discussions of other cases and events of limited relevance, and several news articles)

21  and is difficult to understand.  It is not consistent with Fed. R. Civ. P 8(a)(2), which requires that

22  a complaint must contain a "short and plain statement of the claim showing that the pleader is

23  entitled to relief."  He generally asserts that Stx and Hogeg, "are part of an enterprise [that]

24

ORDER ON PLAINTIFF'S MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT AND DEFENDANTS' MOTION TO DISMISS - 3

1  consummated several transactions with the Plaintiff, directly, or indirectly, while the Plaintiff

2  was residing in Washington." Dkt. 31-2, at 37.  The Plaintiff alleges that Stx "reached out to the

3  Wings Community (A Decentralized Autonomous Organization, with Members from all regions

4  of the world, including members from several States within the U.S.A., including Washington

5  State) and offered the Community up to $250,000.00 worth of Rewards to entice the members of

6  the community, of which the Plaintiff was a member, to read the Whitepaper" (an informational

7  text to, in part, explain the "initial coin offering") and learn about its project.  Dkt. 31-2, at 73.

8  The Plaintiff stated that he "looked into" the project and was rewarded with "4409 STX Tokens."

9  *Id.*  He maintains that Stx and Hogeg "listed or tried to list" their cryptocurrency on "exchanges

10 that allowed U.S. Citizens, and Washington State residents to utilize and trade on."  Dkt. 31-2, at

11 37.  The Plaintiff acknowledges that he could not participate in Stx's "initial coin offering" as a

12 United States citizen. *Id.,* at 101.  But he alleges that he eventually purchased STX tokens from

13 a third-party. *Id.*, at 80.  He claims that "Stx effectively devalued the Plaintiff['s] STX tokens

14 when they created the Market for STX on the Bancor Platform, Stx knew that their actions

15 devalued the Plaintiffs STX tokens, and that their actions were in non-compliance to the

16 promises made in the relevant Whitepaper." *Id.,* at 37. The Plaintiff asserts that Stx purchased

17 the Plaintiff's tokens back from him. Dkt. 31-2, at 38.

18     As against Stx and Hogeg, the Plaintiff asserts claims in the proposed amended complaint

19 for:  (1) breach of contract, (2) negligent misrepresentation, (3) wire fraud, (4) willful and

20 wanton misconduct and outrage, (5) quasi contract and or unjust enrichment, (6) "declaratory

21 relief against Stx," (7) "accounting," (8) RICO, (9) "violations of Sections 5 and 12 of the

22 Securities Act," 15 U.S.C. § 77e and 15 U.S.C. § 77l(a), (10) "violation of Section 15 of the

23 Securities Act," 15 U.S.C. § 77o, (11) violations the Securities Act of Washington, RCW 21.20,

24

(12) violations of the Exchange Act, 15 U.S.C. § 78i, (13) violations of Washington's Business

Opportunity Fraud Act, RCW 19.110, (14) violations of Washington's CPA, RCW 19.86.  Dkt.

31-2.  The Plaintiff also raises "equitable estoppel."  *Id.*  The Plaintiff seeks damages, costs,

attorneys' fees, and "further such relief as the Court may deem just and proper."  *Id.*

## II.   <u>DISCUSSION</u>

### A.  PLAINTIFF'S MOTIONS TO FILE AMENDED COMPLAINT

Fed. R. Civ. P. 15(a)(1) provides:

Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

The Plaintiff's motion for leave to amend the complaint once as a matter of course (Dkt.

31 and 33) should be granted.  As explained below, considering the allegations in the Complaint

and in the Amended Complaint, Defendants Stx and Hogeg should be dismissed for lack of

personal jurisdiction.

The Court makes no ruling as to the futility of the amendment as it relates to the newly

named parties and makes no ruling on whether the Court has jurisdiction over these parties.  As

stated above, the proposed amended complaint is not consistent with Rule 8's requirement that it

be a "short plain statement" showing that he is entitled to relief.  While the Plaintiff is entitled to

file the proposed amended complaint "as a matter of course" under Rule 15, he should be aware

that the proposed amended complaint fails to plainly state what happened and what claims he is

making as a result.  Plaintiff should refer to the federal rules and the Local Rules of the Western

District of Washington for additional guidance.  Even though he is acting pro se, he is expected

1    to follow all the federal and local rules.  Further, the Plaintiff should be aware that "an amended

2    complaint supersedes the original, the latter being treated thereafter as non-existent."  *Ramirez v.*

3    *Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015)(*internal citation and quotation*

4    *marks omitted*).

5         The Plaintiff should file a clean version (without the redlines) of the proposed amended

6    complaint by July 17, 2020.  Further, a deadline should be set for the Plaintiff to serve the newly

7    named Defendants.  (Some of the Defendants are alleged to be U.S. citizens, some are alleged to

8    be citizens of Israel, and others are alleged to be citizens of other countries.)  On or before July

9    24, 2020, the Plaintiff should be ordered to begin the process of serving process on the

10   Defendants, or file proof of service for the Defendants, or show cause why this case should not

11   be dismissed for failure to prosecute.

12        **B.  MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

13        Fed. R. Civ. P. 12 (b)(2) governs the dismissal of an action based on lack of personal

14   jurisdiction. Where no applicable federal statute addresses the issue, a court's personal

15   jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits.

16   *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir.

17   2002). Washington's long-arm statute extends the court's personal jurisdiction to the broadest

18   reach that the United States Constitution permits. *Byron Nelson Co. v. Orchard Management*

19   *Corp.,* 95 Wn.App. 462, 465 (1999). Because Washington's long-arm jurisdictional statute is

20   coextensive with federal due process requirements, the jurisdictional analysis under state law and

21   federal due process are the same. *Schwarzenegger*, 374 F.3d 797, 800–01 (9th Cir.2004).

22        To exercise personal jurisdiction over a nonresident defendant under federal law, that

23   defendant must have at least "minimum contacts" with the relevant forum state such that

24

1   exercising jurisdiction "does not offend traditional notions of fair play and substantial justice."

2   *Schwarzenegger*, 374 F.3d at 801, (*citing International Shoe v. Washington*, 326 U.S. 310, 316

3   (1945). In determining whether a defendant had minimum contacts, courts focus on the

4   relationship among the defendant, the forum, and the litigation. *Shaffer v. Heitner*, 433 U.S. 186

5   (1977). Personal jurisdiction exists in two forms, general and specific. *Dole Food Co. v. Watts*,

6   303 F.3d 1104, 1111 (9th Cir. 2002).

7           "A court may assert general jurisdiction over foreign (sister-state or foreign-country)

8   corporations to hear any and all claims against them when their affiliations with the State are so

9   'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*

10  *Dunlop Tire Operations, S.A. v. Brown,* 564 U.S. 15, 919 (2011).  In order for a court to exercise

11  specific jurisdiction over a foreign defendant corporation, the following is required: (1) the

12  defendant purposefully availed itself of the privilege of conducting activities in Washington,

13  thereby invoking the benefits and protections of its laws; (2) the plaintiff's claims arise out of

14  defendant's Washington-related activities; and (3) the exercise of jurisdiction would be

15  reasonable. *Easter v. American West Financial,* 381 F.3d 948, 960–61 (9th Cir.2004); *Bancroft*

16  *& Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir.2000). Plaintiff has the

17  burden to make the prima facie showing of jurisdiction. *Ziegler*, 64 F.3d 470, 473 (9th Cir.1995).

18          Defendants' motion to dismiss for lack of personal jurisdiction (Dkt. 23) should be

19  granted.  The Plaintiff has failed to demonstrate that his allegations (in either the Complaint or

20  proposed amended complaint), if taken as true, show that this Court has general jurisdiction over

21  non-resident Defendants Stx and Hogeg.  There is no showing that their affiliations with

22  Washington are not so "continuous and systematic" so "as to render [them] essentially at home"

23  in Washington.

24

ORDER ON PLAINTIFF'S MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT AND DEFENDANTS'
MOTION TO DISMISS - 7

Moreover, the Plaintiff has failed to demonstrate that the allegations in his Complaint or proposed amended complaint establish that this Court has specific jurisdiction over Stx or Hogeg.  The Plaintiff summarily asserts that these Defendants purposely availed themselves of conducting business in Washington and that his claims arise out of Stx and Hogeg's Washington related activities.  He fails to point to any allegations to support his conclusory assertions and the undersigned can find none.  There is no showing that exercise of jurisdiction over Stx and Hogeg would be reasonable.  The Court does not have specific personal jurisdiction over Stx and Hogeg.

Defendants Stx and Hogeg's motion to dismiss for lack of personal jurisdiction should be granted and the case against them should be dismissed without prejudice.  The Court need not reach Defendants Stx and Hogeg's remaining grounds for dismissal of the case.

### III.   ORDER

**IT IS ORDERED THAT:**

- The Plaintiff's "Ex Parte Motion for Leave to File an Amended Complaint" (Dkt. 31), Plaintiff's Motion for Extension of Time to File his Amended Complaint once as a Matter of Course (Dkt. 33) **ARE GRANTED**;

- The Plaintiff **SHALL FILE** a clean version (without the redlines) of his Amended Complaint by **July 17, 2020**;

- On or before **July 24, 2020**, the Plaintiff **SHALL** begin the process of serving process on the newly named Defendants, or file proof of service for the Defendants, or show cause why this case should not be dismissed for failure to prosecute; and

- Defendants Stx Technologies (improperly named in the Complaint as Stox and referred to here as "Stx") and Moshe Hogeg's Motion to Dismiss for Lack of Personal Jurisdiction and Alternatively for Failure to State a Claim (Dkt. 23) **IS GRANTED**;

- Stx Technologies (improperly named as Stox) and Moshe Hogeg **ARE DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 7th day of July, 2020.

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT AND DEFENDANTS'
MOTION TO DISMISS - 9