UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SEAN SNYDER,<br><br>                    Plaintiff,<br><br>     v.<br><br>STX TECHNOLOGIES, LTD., a corporation, MOSHE HOGEG, DOES 1-10,<br><br>                    Defendants. | CASE NO. 19-6132 RJB<br><br>ORDER ON DEFENDANTS' MOTION TO STRIKE AND DISMISS AND PLAINTIFF'S MOTION FOR EXTENSION OF TIME |

THIS MATTER comes before the Court on the STX Technologies, Ltd. ("Stx") and Moshe Hogeg's Motion to Strike First Amended Complaint and Alternatively to Dismiss for Lack of Personal Jurisdiction (Dkt. 42) and Plaintiff's Motion for an Extension of Time to File Proof of Service on the Defendants (Dkt. 46). The Court has considered the pleadings filed regarding the motions and the remaining file.

On November 25, 2019, the Plaintiff filed this case, *pro se*, asserted claims against the Defendants for (1) breach of contract, (2) breach of fiduciary duty, (3) fraud, (4) intentional infliction of emotional distress, (5) unjust enrichment, (6) declaratory relief, (7) accounting, and

(8) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et. seq.* ("RICO") in connection with the Plaintiff's alleged purchase of "Stox Tokens" (cryptocurrency tokens). Dkt. 1. Defendant Stx is alleged to be a corporation registered in Gibraltar and Defendant Moshe Hogeg is alleged to reside in Israel. *Id.*

For the reasons provided, the Defendants' motion to strike should be denied, their motion to dismiss denied without prejudice, and the Plaintiff's motion for additional time to serve the Defendants stricken as moot.

## I.      PROCEDURAL HISTORY AND BACKGROUND FACTS

On July 7, 2020, undersigned ruled on the Plaintiff's motion to file an amended complaint as of right (with an attached proposed 159-page amended complaint) and Defendants Stx and Hogeg's motion to dismiss for lack of personal jurisdiction. Dkt. 40. The Defendants' motion to dismiss for lack of personal jurisdiction was granted. *Id.* In granting the Defendants' motion, the undersigned considered the allegations in both the Complaint and proposed amended complaint. *Id.* The Plaintiff's motion to file an amended complaint as of right was denied as to Defendants Stx and Hogeg and granted in all other respects (The Plaintiff named several additional defendants in his proposed amended complaint). *Id.* That order contains the relevant procedural history, which is adopted here. *Id.*

In the July 7, 2020 order, the Plaintiff was given approximately ten days to file a clean version (without the redlines) of the proposed amended complaint and a deadline was set for the Plaintiff to serve the newly named Defendants (some of which were international defendants). *Id.*

On July 17, 2020, the Plaintiff filed his Amended Complaint. Dkt. 41. He did not file the proposed amended complaint which was attached to his motion to amend his complaint. The

1  Plaintiff only named Stx and Hogeg as Defendants and did not include any of the other named

2  Defendants from the proposed amended complaint.  Dkt. 41.

3  In his Amended Complaint, the Plaintiff now alleges that in July of 2017, the Defendants

4  contracted with an entity called Wings Stiftung ("Wings") to communicate the Defendants'

5  investment information to the Plaintiff and others in Washington State. Dkt. 41.  It asserts that

6  Wings also published "channels" to communicate with the Defendants and published a "White

7  Paper."  *Id.*  The Amended Complaint alleges that the Plaintiff read the materials and

8  communicated with the Defendants through the published channels.  *Id.*  It maintains that the

9  Defendants used Wings to promote its "initial I.C.O., or Token Sale . . . excluding U.S. citizens

10  ([i]n an unsuccessful attempt to evade the [s]ecurities laws of this State and U.S. [s]ecurities

11  [l]aws) with the intent to immediately resell 'tokens' into the U.S. market."  *Id.*  The Amended

12  Complaint asserts that the Defendants made several fraudulent and misleading statements,

13  "including a guaranteed token price based on a pre-determined mathematical formula based on

14  investment numbers; a structured vesting schedule; and use of an online financial services

15  provider."  *Id.*

16  The Amended Complaint alleges that Defendant Hogeg "controlled and directed the

17  scheme in such a way that he would receive 50% of the tokens in the ICO and them immediately

18  put many of those tokens back into Secondary Global Markets, including the U.S. market for sale

19  to U.S. citizens, which he did."  Dkt. 41.  It asserts that the Plaintiff purchased the tokens and

20  was "compensated by [Stx] for the accuracy of making public predictions regarding [Stx's]

21  proposed products for which Defendants were raising capital."  *Id.*  The Amended Complaint

22  alleges that he was paid with Stx' cryptocurrency and another form of cryptocurrency.  *Id.*

23

24

ORDER ON DEFENDANTS' MOTION TO STRIKE AND DISMISS AND PLAINTIFF'S MOTION FOR EXTENSION OF TIME - 3

The Amended Complaint maintains that the Defendants also "offered a 'smart contract' that created an '[e]xchange' for Stx tokens to be bought and sold by anyone after the initial ICO – including U.S. citizens – that guaranteed a token price based on a set mathematical formula." Dkt. 41. It alleges that the Defendants unilaterally changed the token price and "Plaintiff and other Washington residents who had acted in good faith while participating in the exchange . . . were damaged." *Id.* The Plaintiff now makes claims against the Defendants for "third party beneficiary breach of contract," promissory estoppel, fraudulent inducement, negligent misrepresentation, and violations of the Securities Act of Washington, RCW 21.20, *et. seq*. *Id.* He seeks damages and "equitable relief and remedies that the Court deems just and proper." *Id.*

The Defendants also move to strike the Amended Complaint for failure to follow W.D. Wash. Local Rule 15, which requires a party to file a proposed amended complaint with a motion to amend a complaint, and if the motion is granted to serve the proposed amended complaint as the amended complaint. Dkt. 42. The Defendants argue that the Amended Complaint is materially different the one the Plaintiff filed with his motion to amend his complaint. *Id.* The Defendants also point out that the Plaintiff violated the Court's July 7, 2020 order when he filed this materially different Amended Complaint. *Id.*

The Defendants also move to dismiss the Plaintiff's Amended Complaint for lack of personal jurisdiction, incorporating the briefing and attachments from their prior motion to dismiss for lack of personal jurisdiction. Dkt. 42. In support of their prior motion to dismiss for lack of personal jurisdiction, the Defendants filed a declaration from the Director of Stx, Hanita Ezra. Dkt. 23-1. According Mr. Ezra, Stx is a limited liability company based in Gibraltar. Dkt. 23-1, at 2. It does not conduct any business in the State of Washington and has never conducted business in Washington. *Id.* It has no employees or real property in Washington. *Id.* Stx issued

its initial coin offering in or around July 2017; Stx prohibited United States citizens from participating in the initial coin offering. *Id.* Stx has not sold any tokens to anyone that resides in Washington, including the Plaintiff and has never entered into any agreement with the Plaintiff. *Id.*

Defendant Hogeg also filed a declaration in support of the first motion to dismiss, in which he states that he is a resident of Israel, has never resided in Washington, does not own any real property in Washington, and has no employees or agents in Washington. Dkt. 23-2. Further, Hogeg states that he is a shareholder of Stx and not a director, officer or employee of Stx. *Id.* Hogeg asserts that he has never had any dealings, communications, or interactions with the Plaintiff. *Id.*

The Defendants argue that the Plaintiff cannot carry his burden to show that this Court has personal jurisdiction over them. Dkt. 42. They argue that the Plaintiff's allegations relate to conduct occurring outside the United States and was not directed to this country or Washington State. *Id.* They also reincorporate their prior arguments and assert that the Amended Complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Id.*

The Plaintiff responded and opposes the motion. Dkt. 43. In his Declaration, the Plaintiff states that "Defendants deposited STX Tokens into accounts of Washington Residents, including [himself]." Dkt. 43-1, at 2. He asserts that he was "solicited and compensated for [his opinions] which were issued from Washington and paid in Washington." *Id.*, at 3. The Plaintiff maintains that the Defendants "advertised opportunities in Washington," "drafted and directed publications to [him]," "encouraged investments from [himself] . . . after the I.C.O.," offered to sell and did sell him tokens, which were "unregistered securities." *Id.,* at 2. The Plaintiff states that he was "damaged." *Id.*

ORDER ON DEFENDANTS' MOTION TO STRIKE AND DISMISS AND PLAINTIFF'S MOTION FOR EXTENSION OF TIME - 5

This opinion should first consider the Defendants' to strike, then their motion to dismiss, and lastly, the Plaintiff's motion for an extension of time.

## II. DISCUSSION

### A. DEFENDANTS' MOTION TO STRIKE

In the interest of fully and fairly considering all issues in the case, the Defendants' motion to strike the Plaintiff's Amended Complaint should be denied. While the Plaintiff failed to follow Local Rule 15, his Amended Complaint should not be stricken.

### B. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Fed. R. Civ. P. 12 (b)(2) governs the dismissal of an action based on lack of personal jurisdiction. Where no applicable federal statute addresses the issue, a court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits. *Byron Nelson Co. v. Orchard Management Corp.,* 95 Wn. App. 462, 465 (1999). Because Washington's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process are the same. *Schwarzenegger*, 374 F.3d 797, 800–01 (9th Cir.2004).

To exercise personal jurisdiction over a nonresident defendant under federal law, that defendant must have at least "minimum contacts" with the relevant forum state such that exercising jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger*, 374 F.3d at 801, (*citing International Shoe v. Washington*, 326 U.S. 310, 316 (1945). In determining whether a defendant had minimum contacts, courts focus on the relationship among the defendant, the forum, and the litigation. *Shaffer v. Heitner,* 433 U.S. 186

(1977). Personal jurisdiction exists in two forms, general and specific. *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir. 2002).

Because the Defendants' "motion to dismiss was based on written materials rather than an evidentiary hearing, [the Plaintiff] need only make a prima facie showing of jurisdictional facts to withstand dismissal. This prima facie standard is not toothless, however; [the Plaintiff] cannot simply rest on the bare allegations of its complaint." *AMA Multimedia, LLC v. Wanat*, 18-15051, 2020 WL 4745032, at *4 (9th Cir. Aug. 17, 2020)(*citing In re Boon Glob. Ltd*., 923 F.3d 643, 650 (9th Cir. 2019) (*internal quotation marks omitted*). Although "uncontroverted allegations in the complaint must be taken as true" and "[c]onflicts between parties over statements contained in affidavits must be resolved in [the Plaintiff's] favor, disputed allegations in the complaint that are not supported with evidence or affidavits cannot establish jurisdiction." *Id.*

Accordingly, the following was considered in the motion to dismiss for lack of personal jurisdiction: allegations in the Amended Complaint, the declaration of the Stx director, Mr. Ezra, (Dkt. 23-1), the declaration of Moshe Hogeg (Dkt. 23-2) and the declaration of Plaintiff (Dkt. 43-1).

1. General Personal Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tire Operations, S.A. v. Brown,* 564 U.S. 15, 919 (2011).

Defendants' motion to dismiss for lack of general personal jurisdiction (Dkt. 42) has merit. The Plaintiff has failed to demonstrate that his allegations in Amended Complaint and

ORDER ON DEFENDANTS' MOTION TO STRIKE AND DISMISS AND PLAINTIFF'S MOTION FOR EXTENSION OF TIME - 7

declaration, even if taken as true, show that this Court has general jurisdiction over non-resident Defendants Stx and Hogeg.  There is no showing that their affiliations with Washington are not so "continuous and systematic" so "as to render [them] essentially at home" in Washington.

### 2. Specific Personal Jurisdiction

In order for a court to exercise specific personal jurisdiction over a foreign defendant, the following is required: (a) the defendant purposefully directed its activities toward Washington or availed itself of the privilege of conducting activities in Washington, thereby invoking the benefits and protections of its laws; (b) the plaintiff's claims arise out of defendant's Washington-related activities; and (c) the exercise of jurisdiction would be reasonable.  *AMA*, at 4; *Easter v. American West Financial,* 381 F.3d 948, 960–61 (9th Cir. 2004); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state."  *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004).  Where the plaintiff is successful in satisfying both prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable."  *Id.*

#### *a. Purposefully Directed or Purposefully Availed*

Under the three-part test for specific personal jurisdiction, the Plaintiff must show that either Defendants purposefully directed their activities toward Washington or purposefully availed themselves of the privilege of conducting activities in Washington. *Schwarzenegger,* at 802.  A purposeful direction analysis is most often used in suits sounding in tort; a purposeful availment analysis is most often used in suits sounding in contract.  *Id.* (*internal citations omitted*).

1       The Plaintiff here asserts claims that sound in both tort (e.g. fraudulent inducement) and

2 contract (e.g. third party beneficiary breach of contract).  This opinion will first examine whether

3 the Plaintiff has shown that the Defendants have purposefully directed their activities toward

4 Washington and then whether they have purposefully availed themselves of the privilege of

5 conducting activities in Washington.

6       Where, as asserted here, "allegedly tortious conduct takes place outside the forum and

7 has effects inside the forum, our circuit has examined purposeful direction using an 'effects

8 test.'" *AMA*, at 5.  "Under this test, the defendant allegedly must have (1) committed an

9 intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows

10 is likely to be suffered in the forum state." *Id.*

11       The Plaintiff maintains that the Defendants committed an intentional act aimed at

12 Washington knowing he would be damaged.  He asserts that they "advertised opportunities in

13 Washington," "drafted and directed publications" to him, deposited tokens in his account, and

14 encouraged his investments after the initial coin offering, all knowing that he would be damaged.

15 Dkt. 43-1.  He asserts that the Defendants created an online "exchange which allowed U.S.

16 citizens, and residents of Washington State, including [himself] to buy and/or sell their Stx

17 tokens." Dkt. 43-1.  While it is difficult to determine whether tortious conduct, like that alleged

18 here, "on a nationally accessible website is expressly aimed at any, or all, of the forums in which

19 the website can be viewed," operating a passive website "in conjunction with something more—

20 conduct directly targeting the forum—is sufficient." *AMA,* at 6.  The allegations in the Amended

21 Complaint and in the Plaintiff's declaration, if true, are sufficient to show "purposeful direction."

22 The Plaintiff has met the first prong of the specific personal jurisdiction test for his claims that

23 sound in tort.

24

ORDER ON DEFENDANTS' MOTION TO STRIKE AND DISMISS AND PLAINTIFF'S MOTION FOR EXTENSION OF TIME - 9

Plaintiff also makes claims that sound in contract – his "third-party beneficiary breach of contract" and promissory estoppel claim. As to these claims, the Plaintiff must show that Defendants purposefully availed themselves of the privilege of conducting activities in Washington for this first prong of the specific personal jurisdiction test. *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015); *Schwarzenegger,* at 802. Therefore, the minimum contacts inquiry for Plaintiff's third-party beneficiary breach of a contract and promissory estoppel claims focuses on whether Defendants "purposefully availed [themselves of the privilege of conducting business within [Washington] through the purported [] contract." *Picot,* at 1212.

"[A] contract alone does not automatically establish minimum contacts in the plaintiff's home forum. Rather, there must be actions by the defendant himself that create a substantial connection with the forum State." *Picot*, at 1212 (*internal quotation marks and citations omitted*). In determining whether such contacts exist, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" are considered. *Id.* "A defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Id.*

The Plaintiff's allegations in his Amended Complaint and in his declaration fail to establish sufficient grounds from which to conclude that the court has specific jurisdiction over the Defendants for his claims that sound in contract. There are no allegations in the Amended Complaint or in Plaintiff's declaration which discuss the intentions of the parties to the original contract to purchase the tokens (between Stx and the third-party buyers) or the intentions of the Defendants as to any promise which the Plaintiff asserts they made to him, any of those parties' prior negotiations, contemplated future consequences, the terms of those contracts, or those parties' actual course of dealing. As to his claims of third-party beneficiary breach of contract or

promissory estoppel, the Plaintiff has failed to show that Defendants purposefully availed themselves of the privilege of conducting activities in Washington.  Accordingly, the Defendants' motion to dismiss for lack of specific personal jurisdiction over Plaintiff's claims that sound in contract have merit.  Those claims should be dismissed because the Court does not have specific personal jurisdiction over the Defendants to decide them.

This opinion will now determine whether Plaintiff has carried his burden on the second prong.

### b. *Claims Arise Out of Defendants' Contacts*

The second prong of the specific personal jurisdiction test requires a showing that the Plaintiff's claims arise out of the Defendants' Washington related activities.  *AMA*, at 4.  At this point, it appears that at least some of the Plaintiff's newly pled claims, "fraudulent inducement, negligent misrepresentation, and violations of the Securities Act of Washington," arise out of the Defendants' conduct toward Washington residents.

### c. *Reasonableness of Exercise of Jurisdiction over Defendants*

The last prong of the specific personal jurisdiction test considers the reasonableness of exercising jurisdiction over the foreign Defendants.  *AMA*, at 4.  Stx and Hogeg have the burden on this prong.  *Schwarzenegger,* at 802.  There is no showing that exercise of jurisdiction over Stx and Hogeg would be unreasonable.

### d. *Conclusion on Motion to Dismiss for Lack of Specific Personal Jurisdiction*

The Defendants' motion to dismiss the case for lack of specific personal jurisdiction (Dkt. 42) should be denied without prejudice.  The Plaintiff has alleged sufficient facts in the Amended Complaint and in his declaration, which, if true, could demonstrate that this Court has specific personal jurisdiction over Stx and/or Hogeg for the Plaintiff's claims that sound in tort.

The Defendants' declarations, filed in support of their prior motion to dismiss, do not address many of the issues raised in the Amended Complaint.

That said, the showings here are very confusing. It is very hard for the Court to sort out what happened. Plaintiff uses conclusory statements without much detail to back up what happened. Due to the complexity of the allegations and different positions of the parties, it maybe appropriate for a jurisdictional hearing, pursuant to Fed. R. Civ. P. 12(i), to occur before trial.

### C. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

The Defendants also move for dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. The Defendants rely on their prior briefing. The motion should be denied without prejudice. The Defendants properly point out that the Amended Complaint is "materially different" than the Complaint. Rather than rely solely on their prior arguments and allegations from the original complaint, if the Defendants wish to renew their motion, they should consider the new allegations and claims in the Amended Complaint.

### D. MOTION FOR EXTENSION OF TIME

The Plaintiff's motion for an extension of time to file a proof of service on the Defendants (Dkt. 46) should be stricken as moot. The Plaintiff has already served the Defendants in this case.

### E. OTHER MATTERS

The Joint Status Report was due August 28, 2020. A brief extension of time to file the Joint Status Report should be given. The deadline for the Joint Status Report should be reset for **September 11, 2020**.

**ORDER**

**IT IS ORDERED THAT:**

- STX Technologies, Ltd. and Moshe Hogeg's Motion to Strike First Amended Complaint (Dkt. 42) **IS DENIED**;

- STX Technologies, Ltd. and Moshe Hogeg's Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim (Dkt. 42) **IS DENIED WITHOUT PREJUDICE**;

- The Plaintiff's Motion for an Extension of Time to File Proof of Service on the Defendants (Dkt. 46) **IS STRICKEN AS MOOT**; and

- The deadline for the Joint Status Report **IS RESET** for **September 11, 2020**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 31st day of August, 2020.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge