1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SEAN SNYDER,

                          Plaintiff,

     v.

STX TECHNOLOGIES, LTD., a
corporation, MOSHE HOGEG, DOES 1-
10,

                        Defendants.

CASE NO. 19-6132 RJB

ORDER ON DEFENDANTS'
MOTION TO DISMISS

THIS MATTER comes before the Court on the STX Technologies, Ltd. ("Stx") and
Moshe Hogeg's Renewed Motion to Dismiss for Lack of Personal Jurisdiction and Alternatively
for Failure to State a Claim (Dkt. 55) and motion to strike (Dkt. 63).  The Court has considered
the pleadings filed regarding the motions and the remaining file.

On November 25, 2019, the Plaintiff filed this case, *pro se*, asserted claims against the
Defendants in connection with the Plaintiff's alleged purchase of Stx "Tokens" (cryptocurrency
tokens).  Dkt. 1.  Defendant Stx is alleged to be a corporation registered in Gibraltar and
Defendant Moshe Hogeg is alleged to reside in Israel.  *Id.*

The Defendants now move to dismiss the case for lack of specific personal jurisdiction over them for the remaining claims and for failure to state a claim.  Dkt. 55. For the reasons provided, the Defendants' motion to dismiss for lack of specific personal jurisdiction should be renoted for a hearing pursuant to Fed. R. Civ. P. 12(i).  The Defendants' motion to dismiss for failure to state a claim is well taken.  Plaintiff should be granted leave to file a motion for leave to amend his Amended Complaint.

## I.   <u>PROCEDURAL HISTORY AND BACKGROUND FACTS</u>

On August 31, 2020, the undersigned granted, in part, the Defendants' motion to dismiss for lack of personal jurisdiction, holding that the Court did not have general jurisdiction over the Defendants or specific jurisdiction over the Defendants for Plaintiff's claims that sounded in contract.  Dkt. 48.  The Plaintiff's claims that sounded in contract (third party breach of contract and promissory estoppel) were dismissed.  *Id.*  The Defendants' motion to dismiss for specific personal jurisdiction over Plaintiff's claims that sound in tort (fraudulent inducement, negligent misrepresentation, and violations of the Securities Act of Washington, RCW 21.20, *et. seq.*) was denied without prejudice.  *Id.*  The undersigned noted that "it maybe appropriate for a jurisdictional hearing, pursuant to Fed. R. Civ. P. 12(i), to occur before trial."  *Id.*  The facts and procedural history are in that order and are adopted here.  *Id.*

The Defendants now move for dismissal of the case for lack of specific personal jurisdiction over the Plaintiff's claims that sound in tort and for failure to state a claim.  Dkt. 55. The Defendants move for a hearing, pursuant to Rule 12(i), if the Court finds there are issues of fact as to whether there is personal jurisdiction over them.  *Id.*  In support of their motion to dismiss, the Defendants filed supplemental declarations of the Stx Director, Hanita Ezra and Mr.

1   Hogeg.  Dkts. 55-1 and 55-2.  The Defendants also move for dismissal of the Amended

2   Complaint for failure to state a claim.  *Id.*

3        The Plaintiff timely filed a response and argued that the Court had already determined

4   that the case should not be dismissed for lack of jurisdiction and argues that he has properly

5   stated claims for relief.  Dkt. 61.  The Plaintiff then filed additional briefing after the November

6   16, 2020 deadline and an additional declaration. Dkt. 62.

7        The Defendants move to strike the Plaintiff's late filed additional briefing and

8   declaration.  Dkt. 63.  They argue that their motion to dismiss should be granted.  *Id.*

9        After the Defendants' reply was filed, a notice of appearance for the Plaintiff was

10   entered.  Dkt. 64.

## II.    DISCUSSION

### A.  DEFENDANTS' MOTION TO STRIKE

        In the interest of fully and fairly considering all issues in the case, the Defendants'

motion to strike the Plaintiff's additional briefing and declaration (Dkt. 63) should be denied.

### B.  MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION – FED. R. Civ. P. 12(b)(2)

        Fed. R. Civ. P. 12 (b)(2) governs the dismissal of an action based on lack of personal

jurisdiction. Where no applicable federal statute addresses the issue, a court's personal

jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits.

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1123 (9th Cir.

2002). Washington's long-arm statute extends the court's personal jurisdiction to the broadest

reach that the United States Constitution permits. *Byron Nelson Co. v. Orchard Management

Corp.,* 95 Wn. App. 462, 465 (1999). Because Washington's long-arm jurisdictional statute is

coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process are the same. *Schwarzenegger*, 374 F.3d 797, 800–01 (9ᵗʰ Cir.2004).

To exercise personal jurisdiction over a nonresident defendant under federal law, that defendant must have at least "minimum contacts" with the relevant forum state such that exercising jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger*, 374 F.3d at 801, (*citing International Shoe v. Washington*, 326 U.S. 310, 316 (1945). In determining whether a defendant had minimum contacts, courts focus on the relationship among the defendant, the forum, and the litigation. *Shaffer v. Heitner,* 433 U.S. 186 (1977). Personal jurisdiction exists in two forms, general and specific. *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir. 2002).

This Court has already held that it does not have general personal jurisdiction over the Defendants or specific personal jurisdiction over the Defendants for the contract based claims. Accordingly, the issue presented here is whether the Court has specific personal jurisdiction over the Defendants for the Plaintiff's claims that sound in tort.

After reviewing the Amended Complaint and the parties' submissions in support and opposition of the motion, the undersigned concludes that there are issues of fact as to whether this Court has specific personal jurisdiction over the Defendants for the Plaintiff's remaining claims which sound in tort (fraudulent inducement, negligent misrepresentation, and violations of the Securities Act of Washington, RCW 21.20, *et. seq.*).  In this circumstance, the Defendants move for an evidentiary hearing pursuant to Fed. R. Civ. P. 12(i). Dkt. 55.

Under Fed. R. Civ. P. 12(i), where, as here, "a party so moves, any defense listed in Rule 12(b)(1)-(7) . . . must be heard and decided before trial unless the court orders a deferral until trial."

1    The Defendants' motion for a fact finding hearing on whether the Court has specific

2    jurisdiction over the Defendants (Dkt. 55) should be granted.  The hearing should be set as soon

3    as practicable.  Such a hearing will take place over the Court's virtual hearing platform.  By

4    December 4, 2020, the parties should inform the Court of the anticipated length of the hearing,

5    and when counsel can be ready.  It should be given a high priority.  This case has lingered for

6    over a year.

7    **C.  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

8        The Defendants also move for dismissal of the Amended Complaint pursuant to Fed. R.

9    Civ. P. 12(b)(6), for failure to state a claim.  Dkt. 55.

10       Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a

11   cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

12   *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations

13   are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*,

14   717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

15   does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

16   entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

17   elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55

18   (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief

19   above the speculative level, on the assumption that all the allegations in the complaint are true

20   (even if doubtful in fact)."  *Id*. at 555.  The complaint must allege "enough facts to state a claim

21   to relief that is plausible on its face."  *Id*. at 547.

22       The Defendants' motion to dismiss the Amended Complaint for failure to state a claim is

23   well taken.  The Defendants properly point out that the Plaintiff's claims for fraudulent

24

1   inducement and violations of the Securities Act of Washington, RCW 21.20, *et. seq*. were not

2   plead with sufficient particularity as required under Fed. R. Civ. P. 9.  The Amended Complaint

3   fails to identify the "time, place and substance" of the alleged misrepresentations that are the

4   basis for his claims.  Likewise, the Amended Complaint fails to identify the grounds for the

5   Plaintiff's negligent misrepresentation claims.  The Amended Complaint contains vague

6   assertions and conclusory statements of law.  It is not sufficient.

7         The Plaintiff does not meaningfully respond to the Defendants' arguments other than to

8   argue that the Court has already denied this motion.  The Court denied the Defendants' prior

9   motion to dismiss the Amended Complaint for failure to state a claim because the arguments

10  were based on the Complaint (not the Amended Complaint).  The Defendants' renewed motion

11  is based on the Amended Complaint.

12        "A pro se litigant must be given leave to amend his or her complaint unless it is

13  absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll*

14  *v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

15        When the Plaintiff filed his Amended Complaint, he was acting *pro se*.  Although he is

16  represented by counsel, he should be given an opportunity to file a motion for leave to file a

17  second amended complaint, if he wishes, on or before **December 18, 2020**.  Plaintiff must file a

18  proposed second amended complaint with his motion, if any.  Failure to file a motion for leave to

19  file a second amended complaint with the proposed second amended complaint, may result in the

20  granting of Defendants' motion to dismiss for failure to state a claim (Dkt. 55).  Plaintiff should

21  note the motion for leave to file a second amended complaint, if any, in accord with Western

22  District of Washington Rule of Civil Procedure 7; Defendants' response, if any, and Plaintiff's

23

24

reply, if any, should also be filed in accord with the Local Rules.  Defendants' motion to dismiss for failure to state a claim should be renoted (Dkt. 55) to December 18, 2020.

<u>**ORDER**</u>

**IT IS ORDERED THAT:**

- STX Technologies, Ltd. and Moshe Hogeg's Renewed Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 55) **IS GRANTED**, to the extent it moves for a fact finding hearing, and **RENOTED** for consideration at the time of the hearing;

- By **December 4, 2020**, the parties should file a joint report, informing the Court of when the fact finding hearing on the Motion to Dismiss for Lack of Personal Jurisdiction can be heard; and

- Motion to Dismiss for Failure to State a Claim (Dkt. 55) **IS RENOTED to DECEMBER 18, 2020;**

- The deadline for the Plaintiff to file a motion for leave to file a second amended complaint and a proposed second amended complaint is **December 18, 2020**; failure to file a motion for leave to file a second amended complaint and proposed second amended complaint may result in dismissal of the case.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of November, 2020.

ROBERT J. BRYAN
United States District Judge