1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SEAN SNYDER,

                    Plaintiff,

          v.

STX TECHNOLOGIES, LTD., a
corporation, MOSHE HOGEG, DOES 1-
10,

                    Defendants.

CASE NO. 19-6132 RJB

ORDER ON PLAINTIFF'S
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT AND
DEFENDANTS' MOTION TO
DISMISS

THIS MATTER comes before the Court on the Plaintiff's Motion for Leave to File

Amended Complaint (Dkt. 67) and the Defendants STX Technologies, Ltd. ("STX" or "STX

Technologies") and Moshe Hogeg's Renewed Motion to Dismiss for Lack of Personal

Jurisdiction and Alternatively for Failure to State a Claim (Dkt. 55).  The Court has considered

the pleadings filed regarding the motions and the remaining record.  Oral argument has been

requested but is not necessary to decide the motions.

On November 25, 2019, the Plaintiff filed this case, *pro se*, asserted claims against the

Defendants STX and Moshe Hogeg in connection with the Plaintiff's alleged purchase of STX

1  "Tokens" (cryptocurrency).  Dkt. 1.  Defendant STX is alleged to be a corporation registered in

2  Gibraltar and Defendant Moshe Hogeg is alleged to reside in Israel.  *Id.*

3      Plaintiff now moves for leave to file a second amended complaint; the Defendants oppose

4  the motion, arguing that amendment is futile and argue that their motion to dismiss the Amended

5  Complaint should be granted.  For the reasons provided below, the Plaintiff's motion for leave to

6  file a second amended complaint (Dkt. 67) should be denied.  The Defendants' motion to dismiss

7  the case for failure to state a claim (Dkt. 55) should be granted, and the operative complaint, the

8  Amended Complaint, should be dismissed.  The Court will not reach the Defendants' other

9  grounds for dismissal (like lack of specific personal jurisdiction).  This case should be dismissed.

10  ### I.    PROCEDURAL HISTORY AND BACKGROUND FACTS IN THE PROPOSED SECOND AMENDED COMPLAINT

11  #### A.  RELEVANT PROCEDURAL HISTORY

12  On August 31, 2020, the undersigned granted, in part, the Defendants' motion to dismiss

13  for lack of personal jurisdiction, holding that the Court did not have general jurisdiction over the

14  Defendants or specific jurisdiction over the Defendants for Plaintiff's claims that sounded in

15  contract.  Dkt. 48.  The Plaintiff's claims that sounded in contract (third party breach of contract

16  and promissory estoppel) were dismissed.  *Id.*  The Defendants' motion to dismiss for lack of

17  specific personal jurisdiction over Plaintiff's claims that sound in tort (fraudulent inducement,

18  negligent misrepresentation, and violations of the Washington State Securities Act, RCW 21.20,

19  *et. seq.* was denied without prejudice.  *Id.*

20  On October 2, 2020, the Defendants again moved to dismiss this case for lack of specific

21  personal jurisdiction and for failure to state a claim upon which relief can be granted.  Dkt. 55.

22  On December 22, 2020, the Defendants' motion to dismiss for lack of specific personal

23  jurisdiction (Dkt. 55) was renoted to be considered after a jurisdictional hearing, pursuant to Fed.

R. Civ. P. 12(i).  Dkt. 68.  The parties have agreed that the date for the Rule 12(i) hearing be set after the instant motions are decided.  Dkt. 66.

In the December 22, 2020 order, the Defendants' motion to dismiss for failure to state a claim upon which relief could be granted (Dkt. 55) was noted to be "well taken" but due to the Plaintiff's pro se status, he was granted leave to file a motion for leave to file a second amended complaint.  Dkt. 68.  The Plaintiff, newly represented by counsel, filed a motion for leave to file a second amended complaint (Dkt. 67) and attached a proposed second amended complaint (Dkt. 67-1). The Defendants' motion to dismiss the Amended Complaint for failure to state a claim (Dkt. 55) was renoted and is now ripe for consideration along with the Plaintiff's motion for leave to amend.

## B.  PROPOSED SECOND AMENDED COMPLAINT

The proposed second amended complaint alleges that in early 2017, the Plaintiff invested "virtual currencies" into "Wings Stiftung 'tokens'" to "make predictions on Wings smart contracts (self-executing computer coded contracts)."  Dkt. 67-1, at 3-4.  Wings Stiftung ("Wings"), alleged to be a foreign entity, is not a defendant in this case.

The proposed second amended complaint alleges that around July 27, 2017, STX and Hogeg "uploaded information about STX tokens on the Wings platform (website), which is how the Plaintiff first learned of the STX tokens."  Dkt. 67-3, at 4.  It asserts that the Defendants used this third-party website for "publishing, disseminating, and communicating specific information regarding their new investment opportunity to Plaintiff and others in the United States."  *Id.*  The proposed second amended complaint maintains that after reading the materials on the Wings website and looking at the embedded links to the stox.com website including the "White Paper"

1    (filed in record here at Dkt. 41-1), the Plaintiff "made new predictions on the Wings platform . . .

2    and was rewarded for his correct predictions with . . . STX tokens." *Id.*

3          The proposed second amended complaint asserts that Defendants promoted investment in

4    STX tokens on the Wings website, including through the "White Paper" "with the intent of

5    inducing Plaintiff and others in the State of Washington . . . to invest in STX by purchasing STX

6    tokens." Dkt. 67-1, at 4.  It alleges that in July of 2017, the Plaintiff "read and relied upon the

7    'White Paper' and statements about STX Technologies 'investment opportunity' made by STX

8    Technologies and its owner Hogeg" and in August or "possibly" September 2017, sold his

9    Wings tokens to purchase STX tokens through other third party exchange websites: liquid.com

10   and EtherDelta.com (neither of which are named as defendant in this case). *Id.*, at 4-5.

11         The proposed second amended complaint acknowledges that the White Paper alleges that

12   the initial coin offering of STX tokens was not available to people in the United States but

13   maintains that the Defendants promoted the purchase of STX tokens on the secondary market.

14   Dkt. 67-1, at 5.  The proposed second amended complaint alleges that Hogeg and his other

15   companies sold their STX tokens immediately after the initial coin offering "to be available for

16   resale to United States citizens, including Plaintiff." Dkt. 67-1, at 5-6.  It asserts that STX's

17   scheme was to sell its STX tokens and then "have people from all over the world . . . make

18   public predictions (similar to bets) on any range of topics (weather, sports . . . ) using STX

19   tokens, and if the prediction[s] were accurate," payment would be made with STX tokens. *Id.*, at

20   6.

21         According to the proposed second amended complaint, the statements in the July 2017

22   White Paper upon which the Plaintiff relied stated that "a 'smart contract' was established to

23   create an 'exchange' for STX tokens to be bought and sold by anyone" after the initial coin

24

1    offering.  Dkt. 67-1, at 6.  It maintains that the White Paper provided that a "guaranteed token

2    price was established in the 'smart contract' to be triggered 'after the sale period' in early August

3    2017, whereby 4% of the of the [Ethereum (another virtual currency)] raised would be deposited

4    as reserves on Bancor, so 200 STX tokens was equal to 1 [Ethereum], equivalent to 1.08 [United

5    States Dollar] per STX token."  *Id.,* at 6.  The proposed second amended complaint asserts that

6    the deposit was alleged to be done "on or around August 2, 2017."  *Id.,* at 6-7.  The proposed

7    second amended complaint asserts that the Defendants delayed the "smart contract" and deposit

8    by three months, "until the STX tokens were devalued" through the Defendants "hype and bust

9    actions," including "not following the vesting schedules laid out in the White Paper."  Dkt. 67-1,

10   at 7.  It alleges that in November of 2017, when Plaintiff was finally able to sell his STX tokens

11   back to STX Technologies and mitigate his losses, he lost over half the value of his investment,

12   losing approximately $500,000.  *Id.*

13       The proposed second amended complaint makes claims for (1) fraudulent inducement (2)

14   negligent misrepresentation, (3) violations of the Washington Securities Law, RCW 21.20, *et.*

15   *seq.*, and (4 - 5) violations of Washington's Uniform Money Services Act, RCW, 19.230, *et. seq*.

16   through Washington's Consumer Protection Act, RCW 19.86 *et. seq.*  Dkt. 67-1, at 10-12.

17       The proposed second amended complaint refers to and relies on the "White Paper" found

18   in the record at Dkt. 40-1, and the Plaintiff asks the Court to consider this document with these

19   motions.  Dkts. 67 and 72.

20                              **II.    DISCUSSION**

21   **A.  STANDARDS ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND**
     **DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A**
22   **CLAIM**

23

24

1    Under Fed. R. Civ. P. 15 (a)(2), "a party may amend its pleading only with the opposing

2    party's written consent or the court's leave. The court should freely give leave when justice so

3    requires."  A motion to amend under Rule 15 (a)(2), "generally shall be denied only upon

4    showing of bad faith, undue delay, futility, or undue prejudice to the opposing party."  *Chudacoff*

5    *v. University Medical Center of Southern Nevada,* 649 F.3d 1143 (9th Cir. 2011).

6    There is no showing here of bad faith or undue prejudice.  As to undue delay, the

7    Defendants point out this case was filed over a year ago and is still in the early phases.  In

8    addition, the Defendants argue that amendment is futile because the Plaintiff's proposed second

9    amended complaint, like the Amended Complaint, fails to state a claim for relief and the fraud

10   and fraud-based claims are not pled with particularity as required under Fed. R. Civ. P. 9.

11   Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a

12   cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

13   *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations

14   are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*,

15   717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

16   does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

17   entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

18   elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55

19   (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief

20   above the speculative level, on the assumption that all the allegations in the complaint are true

21   (even if doubtful in fact)."  *Id*. at 555.  The complaint must allege "enough facts to state a claim

22   to relief that is plausible on its face."  *Id*. At 547.

23

24

1    Pursuant to Fed. R. Civ. P. 9(b), claims of fraud or mistake must be plead with

2    "particularity."  Rule 9(b) requires specificity, "including an account of the 'time, place, and

3    specific content of the false representations as well as the identities of the parties to the

4    misrepresentations.'"  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Rule 9(b)

5    impose this heightened pleading standard for claims "grounded in fraud," including any claim

6    relying upon a "unified course of fraudulent conduct."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

7    1097, 1103 (9th Cir. 2003).

8    **B.  MOTION TO AMEND THE AMENDED COMPLAINT**

9         1.  <u>Claims for Fraudulent Inducement and Negligent Misrepresentation</u>

10    Under Washington law, there are nine elements of fraud, "all of which must be

11   established by clear, cogent, and convincing evidence."  *Elcon Const. Inc. v. Eastern Wash.*

12   *Univ.*, 174 Wn.2d 157, 166 (2012).  Those elements are:

13        (1) a representation of existing fact, (2) its materiality, (3) its falsity, (4) the
          speaker's knowledge of its falsity, (5) the speaker's intent that it be acted upon by

14        the person to whom it is made, (6) ignorance of its falsity on the part of the person
          to whom the representation is addressed, (7) the latter's reliance on the truth of

15        the representation, (8) the right to rely upon it, and (9) consequent damage.

16   *Id*.  Likewise, a Washington plaintiff must prove the elements of negligent misrepresentation by

17   clear, cogent and convincing evidence.  *Ross v. Kirner*, 162 Wn.2d 493, 499 (2007).  The

18   elements are:

19        (1) the defendant supplied information for the guidance of others in their business
          transactions that was false, (2) the defendant knew or should have known that the

20        information was supplied to guide the plaintiff in his business transactions, (3) the
          defendant was negligent in obtaining or communicating the false information, (4)

21        the plaintiff relied on the false information, (5) the plaintiff's reliance was
          reasonable, and (6) the false information proximately caused the plaintiff

22        damages.

23

24

1   *Id.*  As is the case with a fraud claim, failure to perform "future promises alone cannot establish

2   the requisite negligence for negligent misrepresentation.  A false representation as to a presently

3   existing fact is a prerequisite to a misrepresentation claim."  *Micro Enhancement Int'l, Inc. v.*

4   *Coopers & Lybrand, LLP,* 110 Wash. App. 412, 436 (2002).

5          The Plaintiff's motion to amend his second amended complaint to more clearly plead his

6   claims of fraud and negligent misrepresentation (Dkt. 67) should be denied as futile.  The only

7   specific statement in the proposed second amended complaint as the basis for the fraud and

8   negligent misrepresentation claims was for future conduct not a "representation of an existing

9   fact" and so these claims fail to state a claim for relief.  *See Ross,* at 499; and *Micro*

10  *Enhancement,* at 436.

11         The proposed second amended complaint alleges that the Defendants placed White Paper

12  and other materials on the Wings website around July 27, 2017 and that in reliance on the White

13  Paper and other materials, the Plaintiff purchased the STX tokens from a third-party in August or

14  "possibly" in September.  The proposed second amended complaint alleges that the White Paper

15  provided that a "guaranteed token price was established in the 'smart contract' to be triggered

16  'after the sale period' in early August 2017, whereby 4% of the [Ethereum (another virtual

17  currency)("ETH")] raised would be deposited as reserves on Bancor, so 200 STX tokens was

18  equal to 1 ETH, equivalent to 1.08 [United States Dollar] per STX token."  Dkt. 67-1, at 6.  The

19  proposed second amended complaint asserts, then, that the deposit was to be done "on or around

20  August 2, 2017."  *Id.,* at 6-7.  The proposed second amended complaint then alleges that the

21  "smart contract" and deposit were delayed by three months causing him damage.  The White

22  Paper belies the Plaintiff's assertion that the deposit was to necessarily occur in August of 2017,

23  and was, instead, a promise of future conduct.  For example, the White Paper provides:

24

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND DEFENDANTS'
MOTION TO DISMISS - 8

**After the Event**

After the end of the sale period, Stox will deposit 4% of the STX market cap in BNT as the currency reserve of STX, thereby activating its Bancor Smart Token features. From this point forward, the smart token's market maker will enable anyone wishing to buy or sell STX to do so at a determined market price. At the moment of activation this price is equal to the token sale price, and later it may fluctuate according to market supply and demand. Further details about STX as a Bancor Smart Tokens can be found under Bancor as a token platform above, and in Bancor's documentation.

Dkt. 41-1, at 45 (*emphasis in original*).  The White Paper did not provide a date for the end of the sale period, but provided that:

**Sale Event**

The sale event will start in the following weeks and continue for 14 days, or until the sale cap of ETH is reached. Participation instructions will be published on the Stox.com website.

STX price will be fixed (in ETH) throughout the sale. The STX price will be published on the Stox.com website before the sale starts.

*Id.*  The Plaintiff has failed to allege a representation of "presently existing fact" that supports his claims for either fraud or for negligent misrepresentation.

Moreover, the Defendants properly point out his remaining allegations are not sufficiently particular, as required under Rule 9(b), to support the fraud and negligent misrepresentation claims.  Plaintiff's claim for negligent misrepresentation relies upon a "unified course of fraudulent conduct," and so the heightened pleading standards of Rule 9(b) apply to the claim.  *Vess,* at 1103.  Like the Amended Complaint, the proposed second amended complaint fails to identify the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations" that are the basis for his claims.  *Swartz,* at 764.  His allegations relating to his fraud claim and negligent misrepresentation claim are vague and conclusory.  The Plaintiff has been given three opportunities to properly plead a claims for

fraud and misrepresentation.  He has again failed to do so and should not be afforded another

opportunity.  The Plaintiff's motion to amend his Amended Complaint to more clearly plead

these claims (Dkt. 67) should be denied as futile.

2.  <u>Washington State Securities Act Violations</u>

The Washington State Securities Act provides, in relevant part:

> It is unlawful for any person, in connection with the offer, sale or purchase of any
> security, directly or indirectly:
>
> (1)  To employ any device, scheme, or artifice to defraud;
>
> (2)  To make any untrue statement of a material fact or to omit to state a material
>       fact necessary in order to make the statements made, in the light of the
>       circumstances under which they are made, not misleading; or
>
> (3)  To engage in any act, practice, or course of business which operates or would
>       operate as a fraud or deceit upon any person.

RCW 21.20.010. Pursuant to RCW 21.20.430, a "person who offers or sells a security" in

violation of 21.20.010 is liable to the person who make sue to recover "the consideration paid for

the security, together with interest . . ., costs, and reasonable attorneys' fees," or for "damages if

he or she no longer owns the security."

The Plaintiff moves to amend his Amended Complaint to more clearly plead his claims

under the Washington State Securities Act.  Dkt. 67.  Although the Defendants do not attack

these claims directly, they repeatedly argue that the proposed second amended complaint fails to

plead claims with particularity under Rule 9.

In regard to his claims under the Washington State Securities Act claim, the proposed

second amended complaint alleges:

> STX Technologies and Hogeg intentionally established an investment scheme that
> targeted and defrauded Washington residents, including by soliciting predictions
> from Washington residents, paying United States and Washington residents for

1
2
3
4
5

their predictions with STX tokens, intentionally depositing STX tokens into the accounts of Washington residents including Plaintiff, and for investment and resale of the STX tokens, all with intent to defraud. STX Technologies and Hogeg's statements in the White Paper were intended to and did fraudulently induce Washington residents including Plaintiff to purchase, invest in, make predictions using, and receive payments in STX tokens, which are securities. The statements were untrue, part of a fraudulent scheme and made in connection with the direct or indirect sale of a security, in violation of RCW 21.20.010 and RCW 21.20.430.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Dkt. 67-1, at 9-10.  Plaintiff's claims under the Washington State Securities Act for violations of RCW 21.20.010 and RCW 21.20.430 rely upon a "unified course of fraudulent conduct,"  and so the heightened pleading standards of Rule 9(b) apply to the claims.  *Vess,* at 1103. Once again, these claims were not pled with sufficient particularity as required under Fed. R. Civ. P. 9.  The proposed second amended complaint fails to identify the "time, place and substance" of the alleged fraudulent or misleading assertions that are the basis for his claims.  It contains vague assertions and conclusory statements of law.  It is not sufficient.

The proposed second amended complaint also alleges that the STX tokens were unregistered securities under the Washington State Securities Act.  Dkt. 67-1, at 9.  It maintains that the Defendants "engaged in an illegal unregistered securities offering by offering to sell and selling STX tokens to Plaintiff."  *Id.,* at 9.  The proposed second amended complaint's own allegations belie the underpinning of this claim – it alleges that Plaintiff purchased the STX tokens from a third parties not from the Defendants.  Accordingly, to the extent that his Washington State Securities Act claim is based on the Defendants having sold him the STX tokens, the motion to amend the Amended Complaint to add this claim should be denied as futile.

The Plaintiff's motion for leave to amend his Amended Complaint as to his Washington State Securities Act claims should be denied as futile.

3.   <u>Claims for Washington's Uniform Money Services Act and Consumer Protection Act Violations</u>

Plaintiff's motion for leave to amend his Amended Complaint to add claims for violations of the Washington Uniform Money Services Act ("WUMSA") and Washington's Consumer Protection Act ("CPA") (Dkt. 67) should be denied.  The Defendants properly point out that there is no private cause of action for the Plaintiff's WUMSA claims.  They argue that the Plaintiff fails to state a claim for violation of the CPA.  The Plaintiff concedes that there is no private right of action under the WUMSA but argues that he is asserting the WUMSA violations through the CPA as a "per se" unfair trade practice. Dkt. 72, at 8.

To make a CPA claim, "a plaintiff must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780 (1986). "A per se unfair trade practice exists when a statute which has been declared by the Legislature to constitute an unfair or deceptive act in trade or commerce has been violated."  *Id.*, at 786.

The Plaintiff has failed to point to any provision of the WUMSA in which "has been declared by the Legislature to constitute an unfair or deceptive act in trade or commerce" and the undersigned can find none.  The Plaintiff's motion to amend his Amended Complaint to add claims for violations of WUMSA via the CPA should be denied as futile.

**C.  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

The Plaintiff's motion for leave to amend the Amended Complaint should be denied as futile because the claims asserted fail to state a claim upon which relief can be granted.  The operative complaint is the Amended Complaint.  The Defendants also move for dismissal of the

1  operative Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim.

2  Dkt. 55.

3        The Defendants' motion to dismiss the Amended Complaint for failure to state a claim

4  (Dkt. 55) should be granted.  The Defendants properly point out that the Plaintiff's claims for

5  fraudulent inducement and violations of the Securities Act of Washington, RCW 21.20, *et. seq.*

6  were not plead with sufficient particularity as required under Fed. R. Civ. P. 9.  The Amended

7  Complaint fails to identify the "time, place and substance" of the alleged misrepresentations that

8  are the basis for his claims.  Likewise, the Amended Complaint fails to identify the grounds for

9  the Plaintiff's negligent misrepresentation claims.  The Amended Complaint contains vague

10  assertions and conclusory statements of law.  It is not sufficient and should be dismissed.

**D.  CONCLUSION**

12        The Plaintiff has now been given three opportunities to file a complaint that states a claim

13  on which relief could be granted.  He has once again failed.  It has become "clear that the

14  deficiencies of the complaint could not be cured by amendment."  *Noll v. Carlson*, 809 F.2d

15  1446, 1448 (9th Cir. 1987).  The operative complaint, the Amended Complaint, should be

16  dismissed.  No further opportunities to amend should be granted.  Defendants' Renewed Motion

17  to Dismiss for  Lack of Personal Jurisdiction (Dkt. 55) should be denied without prejudice as

18  moot.  All pending deadlines should be stricken, and the case dismissed.

**ORDER**

20  **IT IS ORDERED THAT:**

21      •  Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 67) **IS DENIED**;

22      •  Defendants STX Technologies, Ltd. and Moshe Hogeg's Renewed Motion to

23         Dismiss for Failure to State a Claim (Dkt. 55) **IS GRANTED**;

24

- The Amended Complaint **IS DISMISSED**;

- STX Technologies, Ltd. and Moshe Hogeg's Renewed Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 55) **IS DENIED WITHOUT PREJUDICE AS MOOT;**

- All pending deadlines **ARE STRICKEN**; and

- This case **IS DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 22nd day of January, 2021.

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND DEFENDANTS' MOTION TO DISMISS - 14