1
2
3
4
5
6
7
8    UNITED STATES DISTRICT COURT
9    WESTERN DISTRICT OF WASHINGTON
     AT TACOMA
10

11   SEAN SNYDER,                                CASE NO. 19-6132 RJB

12                  Plaintiff,                   ORDER DENYING PLAINTIFF'S
            v.                                   MOTIONS WITHOUT PREJUDICE
13
     STX TECHNOLOGIES, LTD., a
14   corporation, MOSHE HOGEG, DOES 1-
     10,
15
                    Defendants.
16

17       THIS MATTER comes before the Court on the *pro se* Plaintiff's Motion for Relief from

18   a Judgment or Order pursuant to Rule 60, or in the Alternative, pursuant to Rule 59, or Rule 15

19   (Dkt. 80), his Motion to Amend the Judgment, or in the Alternative, for Relief from the

20   Judgment, and Relief from the Order; Motion for Leave to file Second (proposed) Second

21   Amended Complaint; and Motion to Strike "Plaintiff's Motion for Relief from a Judgment or

22   Order pursuant to Rule 60, or in the Alternative, pursuant to Rule 59, or Rule 15 (Dkt. 81), and

23   Plaintiff's motion to add additional documents to his motion (Dkt. 82). The Court has

24   considered the pleadings filed regarding the motions and the remaining record.

ORDER DENYING PLAINTIFF'S MOTIONS WITHOUT PREJUDICE - 1

On November 25, 2019, the Plaintiff filed this case, *pro se*, asserted claims against the Defendants STX and Moshe Hogeg in connection with the Plaintiff's alleged purchase of STX "Tokens" (cryptocurrency). Dkt. 1. Defendant STX is alleged to be a corporation registered in Gibraltar and Defendant Moshe Hogeg is alleged to reside in Israel. *Id.* On January 22, 2021, the Defendants' motion to dismiss was granted, Plaintiff's motion for leave to file a second amended complaint was denied as futile; judgment was entered for the Defendants. Dkts. 73 and 74. The facts and procedural history are in the January 22, 2021 order (Dkt. 73) and are adopted.

On February 4, 2021, the Court denied the Plaintiff's motion for reconsideration of the order that dismissed the case and denied his motion for leave to file a second amended complaint Dkt. 77. Later that day, the Plaintiff filed a Notice of Appeal. Dkt. 78.

On February 19, 2021 and February 20, 2021, the Plaintiff filed the pending motions. Dkts. 80-82.

**DISCUSSION**

Once a notice of appeal is filed from a final judgment, the district court is divested of jurisdiction. *Laurino v. Syringa General Hosp.*, 279 F.3d 750, 755 (9th Cir. 2002); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58- 59 (1982). Under Fed. R. Civ. P. 62.1(a)(2), "if a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion."

This Court lacks jurisdiction to consider the Plaintiff's motions because the case is on appeal. The motions (Dkt. 80-82) should be denied without prejudice. Further, to the extent that the Plaintiff moves for relief under Fed. R. Civ. P. 60(a), the motion may only be made "with the appeallate court's leave." There is no record of the Ninth Circuit granted such leave.

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of March, 2021.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge